**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**Amarillo Division**

| | | |
|---|---|---|
| SUSAN WOLFF, individually, and as | § | |
| Next friend of AWS and/or KAREN | § | |
| SWYNDRO as next friend of AWS, | § | |
| a minor child, | § | |
| | § | |
| **Plaintiffs,** | § | |
| VS. | § | **Case No. 2-10CV-016-J** |
| | § | |
| DANIEL JOSEPH FANGMAN, | § | |
| BEHROOZ SADIGH-POUR, | § | |
| a/k/a BARRY SADIGH POUR | § | |
| BEHROOZ, and ROOZI, INC., | § | |
| DAVID HARGROVE and LARRY | § | |
| WANGLER, | § | |
| | § | |
| **Defendants.** | § | **JURY DEMAND REQUESTED** |

### FIRST AMENDED COMPLAINT

### A. PRELIMINARY STATEMENT

1.       Your Plaintiffs brings this action individually and/or as next friend of Decedent,

**COREY LEE WILSON**, for wrongful death, negligence, assault and battery, intentional

infliction of emotional distress as a result of Defendants' acts and/or omissions causing the death

of **COREY LEE WILSON** occurring in Potter County, Texas on or about January 20, 2008 and

for cause of action would respectfully show this Honorable Court the following:

### B. JURISDICTION AND VENUE

2.       This Court has jurisdiction of Plaintiffs' claims pursuant to 42 U.S.C. §1332(a)(1)

because the Plaintiffs and Defendants are citizens of different states and the amount in

controversy exceeds $75,000.0, excluding interest and costs.

3.      Venue is proper in this district under 28 U.S.C. §1391(a)(2) because a substantial

part of the events or omissions giving rise to this claim occurred in this district.

## C. PARTIES

5.      Plaintiff, **SUSAN WOLFF**, is an individual that is a resident of the state of

Illinois.

6.      Plaintiff, **KAREN SWYNDRO**, is an individual that is a resident of the state of

Illinois.

7.      Defendant, **BEHROOZ SADIGH-POUR a/k/a BARRY SADIGH POUR**

**BEHROOZ d/b/a 'BEAVERS"** is an individual of the state of Texas and/or California and may

be served with process at Legends Steakhouse, 200 Westgate Parkway, Unit A, Amarillo, Texas

79121 and/or 8400 S.E. 3rd, Amarillo, Texas 79118 or 11722 S Georgia, Amarillo, Texas 79118

and/or 1555 S. Bundy, Apt. 201, Los Angles, California 90025 and/or P.O. Box 2193 Amarillo,

Texas 79015 and/or 201 W. 16th, Amarillo, Texas 79101.

8.      Defendant, **DAVID HARGROVE d/b/a "BEAVERS,"** is an individual of the

state of Texas and may be served with process at 1604 S. Tyler, Apt. A., Amarillo, Texas 79102.

9.      Defendant, **DANIEL JOSEPH FANGMAN (hereinafter referred to as**

**"FANGMAN"** ) is an individual of the state of Texas and may be served with process at the

Texas Department of Corrections, Rudd Unit, 2004 Lamesa Highway, Brownfield, Texas 79316.

10.     Defendant, **ROOZI, INC. d/b/a "BEAVERS"** is a Texas corporation organized

under the laws of the state of Texas. Defendant has its principal place of business in Texas.

Service of process may be had on Defendant by serving its registered agent, Behrooz "Barry"

Sadigh-Pour, 11722 S. Georgia, Amarillo, Texas 79118-3333.

11.     Defendant**, LARRY WANGLER**, is individual of the state of Texas and may be served with process at 133 Shady Dale Lane, Coppell, Texas 75019.

## E. FACTS

12.     On or about January 20, 2008, Decedent, **COREY LEE WILSON**, was a patron of Beavers a/k/a Beavers Club and Restaurant. As a result of Decedent's patronage at Beavers in Amarillo, Potter County, Texas Decedent was ejected from Beavers and was assaulted by Defendant, **FANGMAN**, who was at all times an agent, servant, and/or employee of Beavers.

13.     Defendants' agent, servant, and/or employee, **FANGMAN**, ejected Decedent **COREY LEE WILSON** from Beavers with excessive force causing the death of **COREY LEE WILSON.** At no time did Beavers contribute to the intoxication of **COREY LEE WILSON** as Beavers does not sell alcoholic beverages, nor did Beavers contribute to the intoxication of **COREY LEE WILSON** as no agent, servant, and/or employee of Beavers furnished and/or contributed to furnishing alcohol to **COREY LEE WILSON** at the time of his death.

14.      At all times pertinent hereto, **FANGMAN,** was following the policy and procedures of Defendants and was hired and retained by Defendants as a "bouncer" for Beavers. As a direct and proximate result of **FANGMAN's** actions and Defendants' acts and/or omissions, **COREY LEE WILSON** incurred reasonable and necessary medical expenses in the amount of at least $95,854.63 and funeral and burial expenses. In addition, the State of Texas incurred additional expense under the Texas Crime Victims Compensation Program MC-011 bearing claim number VCO 8113524

15.     Defendant, **FANGMAN,** was at all times pertinent hereto an agent, servant, and/or employee of Defendants acting within the course and scope of his employment with Beavers.

16.     Defendant, **FANGMAN**, pled guilty to the offense of Manslaughter and sentenced to the Texas Department of Corrections-Institutional Division to serve his sentence for the death of **COREY LEE WILSON**. **FANGMAN** resides and is in the custody of the State of Texas at this time.

17.     At all times pertinent hereto, Defendants' hired, retained, employed and authorized the use of force to enforce Beaver's policies and procedures. "Bouncers" were employed based on their size and ability to eject patrons from Beavers, including force. This "force" was of the same general nature as that authorized or incidental to the conduct authorized by Defendants. **FANGMANS's** conduct, although perhaps not specifically authorized was done within the general authority of **FANGMAN** and was closely connected with the Employer's duties entrusted to each such "bouncer" and was not the result of personal animosity against **COREY LEE WILSON**. Defendants are jointly and severally liable for the damages and injuries sustained to **COREY LEE WILSON** as a result of **FANGMAN's** conduct. Pleading in the alternative if need be, Defendants' are liable to Plaintiffs as a result of **FANGMAN's** "overzealous conduct" which result in the damages complained of herein.

## **F. FIRST CAUSE OF ACTION**

### **Negligence**

18.     The foregoing paragraphs are included herein as though fully set forth herein.

19.     At the time of the incident made the basis of this suit, Defendants were negligent with regard to their acts and/or omissions related to **FANGMAN**. Defendants' had a duty to exercise ordinary care and operate the day to day operations of Beavers reasonably and prudently. Defendants breached that duty in one or more of the following ways, taken singularly or in combination with others in one or more of the following:

a.      In failing to properly supervise **FANGMAN**;

b.      In failing to property train **FANGMA**N;

c.      In failing to properly perform a background check on **FANGMAN**;

d.      In retaining **FANGMAN** as an employee;

e.      In hiring **FANGMAN** when **FANGMAN** was on probation;

f.      In allowing **FANGMAN** to remain as an employee of Beavers when **FANGMAN**

had used excessive force on prior patrons;

g.      In allowing employees to use excessive force in ejecting patrons from Beavers;

h.      In providing tools, weapons, and/or other tangible physical property for

employees to use to eject patrons from Beavers;

i.      In allowing and/or encouraging **FANGMAN** to violate section 22.01 et seq. of the

Texas Penal Code, which is negligence per se.

## G. SECOND CAUSE OF ACTION

### Infliction of Bodily Injury

20.     The foregoing paragraphs are included herein as though fully set forth herein.

21.     Defendant, **FANGMAN,** made physical contact with **COREY LEE WILSON**'s

person.

22.     Defendant, **FANGMAN,** acted intentionally, knowingly and/or recklessly with

regard to **FANGMAN's** conduct in ejecting **COREY LEE WILSON** from Beavers;

23.     Defendants' actions caused injury to **COREY LEE WILSON** resulting in

**COREY LEE WILSON's** death.

24.     Your Plaintiffs seek unliquidated damages within the jurisdictional limits of this

court.

## H. THIRD CAUSE OF ACTION

### Offensive Physical Contact

25.     The foregoing paragraphs are included herein as though fully set forth herein.

26.     In the alternative to other counts, Defendants, by and through their agents, servants, and/or employees made offensive physical contact with Decedent's person without Decedent's consent causing the damages complained of herein.

## I. FOURTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

27.     The foregoing paragraphs are included herein as though fully set forth herein.

28.     In the alternative to other counts, Defendants, by and through their agents, servants, and/or employees caused **COREY LEE WILSON** emotional distress.

## J. JURY DEMAND

29.     Your Plaintiffs demand a jury trial and tender the appropriate fee with this Complaint.

## H. DAMAGES

30.     As a direct and proximate result of Defendants' conduct, Decedent suffered the following injuries and damages:

a.     Physical pain and mental anguish in the past;

b.     Loss of earnings;

c.     Loss of earning capacity;

d.     Disfigurement in the past;

e.     Physical impairment in the past;

f.     Medical expenses in the amount of at least the sum of $95,584.63;

g.    Funeral and burial expenses;

h.    Pecuniary contributions that Decedent would have made to Plaintiff, **SUSAN WOLFF**, as a result of the death of **COREY LEE WILSON**;

i.    For damages to **SUSAN WOLFF** for the loss of companionship and society and mental anguish of the death of **COREY LEE WILSON** as an adult child;

j.    For damages to **COREY LEE WILSON's** minor child, **AWS,** as a result of the death of **COREY LEE WILSON**;

k.    Loss of inheritance to Decedent's minor child;

l.    Plaintiffs are entitled to prejudgment interest on all damages and benefits and postjudgment interest on all sums for Plaintiffs;

m.    For gross negligence as a result of the acts and/or omissions of Defendants jointly and severally as a result of the death of **COREY LEE WILSON**.

## I. Prayer

31.    For these reasons, your Plaintiffs ask for judgment against Defendants for the following:

a.    Actual damages.

b.    Exemplary damages.

c.    Prejudgment and postjudgment damages at the highest rate allowed by law.

d.    Costs of suit.

e.    All other relief the court deems appropriate.

Respectfully submitted,


**/s/** Michael A. Warner
**MICHAEL A. WARNER**
State Bar No. 20872700

The Warner Law Firm
101 S.E. 11th, Suite 301
Amarillo, Texas 79101
Tele:   806.372.2595
Fax:    866.397.9054
E-mail: mike@thewarnerlawfirm.com

/s/ Mike Moore
Mike Moore
State Bar No. 14329500
1211 West 10th
Amarillo, Texas
Tele:   806.379.7755
Fax:    806.379.7247
Email: mm57scv@aol.com
Attorneys for Plaintiffs