IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SUSAN WOLFF, individually and as Next friend of AWS and/or KAREN SWYNDRO as next friend of AWS, a minor child, | § § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CASE NO. 2-10CV-016-J |
| DANIEL JOSEPH FANGMAN, BEHROOZ SADIGH-POUR, a/k/a BARRY SADIGH POUR BEHROOZ, and ROOZI, INC., DAVID HARGROVE and LARRY WANGLER, | § § § § § § § | |
| Defendants. | § | |

**DEFENDANTS BEHROOZ SADIGH-POUR, a/k/a BARRY SADIGH POUR
AND ROOZI, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

NOW COMES Defendants BEHROOZ SADIGH-POUR, a/k/a BARRY SADIGH POUR ("SADIGH-POUR") and ROOZI, INC. ("ROOZI") and file this their Original Answer to Plaintiff's First Amended Complaint and in support thereof shows the following:

**I. FIRST DEFENSE**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant asserts that Plaintiffs have failed to state a claim against Defendants SADIGH-POUR and ROOZI upon which relief can be granted.

## II. SECOND DEFENSE

Without waiving the foregoing and now answering the separately enumerated paragraphs of the Plaintiffs' First Amended Complaint, Defendants SADIGH-POUR and ROOZI answers as follows:

### A. Preliminary Statement

1. Denied.

### B. Jurisdiction and Venue

2. Defendants are not required to respond to the allegations contained in paragraph 2 as they are legal in nature. To the extent Defendants are required to respond, Defendants lack sufficient knowledge or information to form a belief about the truth of any of the allegations of paragraph 2; accordingly it is denied.

3. Defendants admit that the event made the basis of this suit occurred in this district. Defendants deny any acts or omissions giving rise to this claim.

4. There was no paragraph 4 to which Defendants could either admit or deny.

### C. Parties

5. Defendants lack sufficient knowledge or information to form a belief about the truth of any of the allegations of paragraph 5; accordingly it is denied.

6. Defendants lack sufficient knowledge or information to form a belief about the truth of any of the allegations of paragraph 6; accordingly it is denied.

7. Defendants admit that SADIGH-POUR is a resident of Texas. Defendants deny that SADIGH-POUR is personally doing business as "Beavers."

8. Defendants lack sufficient knowledge or information to form a belief about the truth of any of the allegations of paragraph 8; accordingly it is denied.

9. Defendants lack sufficient knowledge or information to form a belief about the truth of any of the allegations of paragraph 9; accordingly it is denied.

10. Defendants admit the allegations of paragraph 10.

11. Defendants lack sufficient knowledge or information to form a belief about the truth of any of the allegations of paragraph 11; accordingly it is denied.

**E. Facts**[1]

12. Defendants admit that Corey Lee Wilson was at Beavers in Amarillo, Texas, on or about January 20, 2008. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation that Corey Lee Wilson was a "patron," accordingly it is denied. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation that Corey Lee Wilson was ejected; accordingly it is denied. Defendants deny that Corey Lee Wilson was assaulted.

13. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation that Corey Lee Wilson was ejected; accordingly it is denied. Defendants deny that excessive force was used by FANGMAN. Defendants admit the remainder of paragraph 13.

14. Defendants deny all allegations of paragraph 14.

15. Defendants deny the allegation that FANGMAN was an agent, servant, or employee of Defendants SADIGH-POUR or ROOZI. Defendants lack sufficient knowledge or information

---

[1] There was no subsection "D" in Plaintiffs' First Amended Complaint.

to form a belief about the truth of the allegation that Corey Lee Wilson was acting within the course and scope of his employment, accordingly the allegation is denied.

16. Defendants admit that FANGMAN pled guilty to manslaughter. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation regarding FANGMAN's current residence.

17. Defendants deny all allegations of paragraph 17.

**F. First Cause of Action - Negligence**

18. Paragraph 18 is an incorporation of the foregoing paragraphs of Plaintiffs' First Amended Complaint. As such, Defendants incorporate all admissions and denials as stated in the foregoing paragraphs as if fully stated herein.

19. Defendants deny all allegations of paragraph 19, including all subsections.

**G. Second Cause of Action - Infliction of Bodily Injury**

20. Paragraph 20 is an incorporation of the foregoing paragraphs of Plaintiffs' First Amended Complaint. As such, Defendants incorporate all admissions and denials as stated in the foregoing paragraphs as if fully stated herein.

21. Defendants admit paragraph 21.

22. Defendants lack sufficient knowledge or information to form a belief about the truth of any of the allegations of paragraph 22; accordingly it is denied.

23. Defendants deny the allegations of paragraph 23.

24. Defendants are not required to respond to the allegations contained in paragraph 24 as they are legal in nature. To the extent Defendants are required to respond, Defendants lack sufficient knowledge or information to form a belief about the truth of any of the allegations of paragraph 24; accordingly it is denied.

**H. Third Cause of Action - Offensive Physical Conduct**

25.  Paragraph 25 is an incorporation of the foregoing paragraphs of Plaintiffs' First Amended Complaint. As such, Defendants incorporate all admissions and denials as stated in the foregoing paragraphs as if fully stated herein.

26.  Defendants deny the allegations of paragraph 26.

**I. Fourth Cause of Action - Intentional Infliction of Emotional Distress**

27.  Paragraph 27 is an incorporation of the foregoing paragraphs of Plaintiffs' First Amended Complaint. As such, Defendants incorporate all admissions and denials as stated in the foregoing paragraphs as if fully stated herein.

28.  Defendants deny the allegations of paragraph 28.

**J. Jury Demand**

29.  Defendants are not required to respond to the request contained in paragraph 29 as it is legal in nature. To the extent Defendants are required to respond, Defendants join in a demand for jury trial.

**H. Damages[2]**

30.  Defendants deny all of the allegations of paragraph 30, including all subsections thereto.

**I. Prayer[3]**

31.  Defendants deny that Plaintiffs are entitled to the relief requested.

---

[2] Plaintiffs' First Amended Complaint lists this section as H.

[3] Plaintiffs' First Amended Complaint lists this section as I.

### III. THIRD DEFENSE

By way of affirmative defense and special defense, Defendants plead as follows:

1. Defendants assert that the injuries and ultimate death of Corey Lee Wilson were caused by his own intentional acts in engaging FANGMAN in physical contact and willingly participating in a fight.

2. Defendants assert that the injuries and ultimate death of Corey Lee Wilson were caused in whole or in part by the negligence of Corey Lee Wilson and that he contributed in whole or in part to his own injuries and ultimate death.

3. Defendants assert that any actions taken by FANGMAN were taken in self-defense.

4. Defendants assert that they exercised not control over FANGMAN and that he was not Defendants' agent, servant, or employee.

5. Defendants assert that FANGMAN was not acting within the course and scope of employment at the time of the occurrence made the basis of this suit.

WHEREFORE, Defendants SADIGH-POUR and ROOZI respectfully request that Plaintiffs take nothing herein, that they be discharged with their costs, and that Defendants be afforded such other further relief to which they may show themselves justly entitled both in law and equity.

Respectfully submitted,

COURTNEY, COUNTISS, BRIAN & BAILEY, LLP
P. O. Box 9238
Amarillo, TX 79105-9238
Phone: 806/372-5569
Fax: 806/372-9761
E-mail: dstockard@courtneylawfirm.com

   / s / Dusty J.  Stockard
DUSTY J. STOCKARD
Texas Bar No. 24028014
Kenneth E. Weston
Texas Bar No. 21232250

## CERTIFICATE OF SERVICE

       The undersigned counsel hereby certifies a copy of the foregoing Answer was served upon all parties on the attached service list by this Court's ECF system and by facsimile on June 2, 2010 to the following:

Michael A. Warner
The Warner Law Firm
101 S.E. 11th, Suite 301
Amarillo, Texas 79101
Fax: 806/397-9054

and

Mike Moore
1211 W. 10th
Amarillo, Texas 79101
Fax: 379-7247

                                      */ s / Dusty J. Stockard*
                                      DUSTY J. STOCKARD